IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RJ TIDE CONSTRUCTION COMPANY, INC., <br><br>  Plaintiff, <br><br> v. <br><br> HAUSMANN CONSTRUCTION, INC., <br><br>  Defendant. | Case No. 4:25-CV-03208 <br><br> ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT HAUSMANN CONSTRUCTION, INC. |

**ANSWER**

COMES NOW Defendant Hausmann Construction, Inc. ("Hausmann"), by and through counsel, and, for its Answer to Plaintiff's Complaint, hereby admits, denies and alleges as follows:

**I.   THE PARTIES**

1. Hausmann admits the allegations contained in Paragraph 1 of the Complaint on information and belief.

2. Hausmann admits the allegations contained in Paragraph 2 of the Complaint.

**II.   JURISDICTION AND VENUE**

3. Hausmann admits the allegations contained in Paragraph 3 of the Complaint.

4. Hausmann denies the allegations contained in Paragraph 4 of the Complaint and alleges that the amount in controversy alleged in the Complaint is inaccurate due to payments made to or otherwise received by Plaintiff prior to or after the filing of the Complaint. Any remaining amounts claimed are wholly disputed.

5.     Hausmann admits the allegations contained in Paragraph 5 of the Complaint.

### III.    BACKGROUND

6.     Hausmann admits the allegations contained in Paragraph 6 of the Complaint, but further alleges that the effective date of the referenced contract is August 30, 2023.

7.     Hausmann admits the allegations contained in Paragraph 7 of the Complaint and further alleges that Plaintiffs complete scope of work under the referenced contract is set forth in the contract attached hereto as **Exhibit A**, which is fully incorporated herein by this reference (the "Subcontract").

### IV.    CAUSE OF ACTION FOR BREACH OF WRITTEN CONTRACT

8.     In response to Paragraph 8 of the Complaint, Hausmann incorporates the responses set forth in paragraphs 1 through 7 of this Answer as if fully set forth herein.

9.     Hausmann denies the allegations contained in Paragraph 9 of the Complaint.

10.    Hausmann admits the allegations contained in Paragraph 10 of the Complaint.

11.    Hausmann denies the allegations contained in Paragraph 11 of the Complaint and further affirmatively alleges that Plaintiff breached the Subcontract by failing to perform its scope of work as required thereunder.

12.    Hausmann denies allegations contained in Paragraph 12 of the Complaint.

13.    Hausmann denies the allegations contained in Paragraph 13 of the Complaint and affirmatively alleges that any additional work performed by the Plaintiff was caused by the Plaintiff's own breaches and failures to perform its scope of work as required.

**PRAYER FOR RELIEF**

14. Hausmann denies any and all allegations contained in the Prayer for Relief section of the Complaint.

**AFFIRMATIVE DEFENSES**

15. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, modification, ratification, accord and satisfaction, failure of consideration, assumption of the risk, payment and release, and unclean hands.

16. Plaintiff's claims are barred, in whole or in part, because of the acts, omissions, errors, failures of performance and breaches of contract by Plaintiff.

17. Plaintiff has not satisfied all conditions precedent to its entitlement to payment under the Subcontract.

18. All conditions precedent to Hausmann's obligation to pay Plaintiff have not been satisfied.

19. Plaintiff's claims are either moot or are not ripe for adjudication.

20. Plaintiff's claims are barred to the extent Hausmann has not been paid by the project owner. Payment by the project owner is a condition precedent to Hausmann's obligation to remit payment to Plaintiff under Article 2(B) of the Subcontract.

21. Plaintiff's claims are barred by its own material breaches of the Subcontract.

22. Hausmann affirmatively alleges that Plaintiff has been fully compensated for the work it has properly performed and materials properly provided under the Subcontract.

23. Plaintiff fails to state a claim upon which relief can be granted.

24. Plaintiff's claims are time barred under the applicable prime contract, the Subcontract, and applicable law.

25. Plaintiff's claims are barred for failure to mitigate damages.

26. Plaintiff's claims are barred by Hausmann's claims for breach, setoff and recoupment.

27. Plaintiff's claims are barred for failure of conditions precedent.

28. Hausmann's investigation and discovery is ongoing. Hausmann reserves the right to raise additional affirmative defenses.

WHEREFORE, having fulling answered the Plaintiff's Complaint, Defendant Hausmann Construction, Inc. prays that the Plaintiff's claims be dismissed with prejudice at Plaintiff's cost and for such other and further relief the Court deems just and appropriate.

## COUNTERCLAIMS

COMES NOW Defendant Hausmann Construction, Inc. ("Hausmann"), by and through counsel, and, for its Counterclaims against Plaintiff RJ Tide Construction Company, Inc., hereby states and alleges as follows:

1. Hausmann is a corporation authorized to do business in the state of Nebraska.

2. Upon information and belief, Plaintiff is an Iowa corporation authorized to do business in Nebraska.

3. This Court has jurisdiction over the parties and has subject matter jurisdiction over Hausmann's Counterclaims under 28 U.S.C. § 1367, but only to the extent it has subject matter jurisdiction over this dispute aside from any inaccuracies in the amount in controversy alleged in the Complaint due to payments made to or otherwise received by Plaintiff prior to or after the filing of the Complaint.

4. Venue is proper in this Court under 28 U.S.C. § 1391.

## BACKGROUND

5. In an agreement dated August 30, 2022, Hausmann subcontracted with Plaintiff to execute, provide and pay for all labor, materials, equipment, services and other items required to complete a scope of work (the "Scope of Work") set forth in the contract attached hereto as **Exhibit A**, which is fully incorporated herein by this reference (the "Subcontract"), for the Wayne Community Schools Early Childhood Center and High School project (the "Project").

6. The Subcontract, those documents specifically incorporated by reference, and its exhibits constitute the sole and entire agreement between Hausmann and the Plaintiff and supersedes all prior and contemporaneous understandings, agreements, representations, warranties, both written and oral, with respect to the Scope of Work.

7. Plaintiff was obligated to perform the Scope of Work in a workmanlike manner and in adherence to, among other requirements, those Prime Contract and Contract Documents enumerated in the Subcontract.

8. Pursuant to the Subcontract, Plaintiff was required to furnish, install and provide equipment for all structural concrete, including slabs on grade and fill material, in complete accordance with the Subcontract and Contract Documents incorporated therein.

9. Pursuant to the Subcontract, Plaintiff was required to furnish equipment, labor, and material necessary for all slab on grade construction including, but not limited to, slabs, thickened slabs, thickened edges, vapor barrier, insulation, admixtures, rigid insulation and fill material in complete accordance with the contract documents, including excavation as required.

10.     Pursuant to the Subcontract, Plaintiff was required to provide all labor to install subgrade material below concrete as well as compaction per the project soils report.

11.     Pursuant to the Subcontract, Plaintiff was required to provide all granular fill material including filter material for subsoil drainage, granular fill rock, limestone, granite, or other materials as indicated in the incorporated Contract Documents.

12.     Pursuant to the Subcontract, Plaintiff was required to remove all spoils from the site that are created by its Scope of Work.

13.     Pursuant to the Subcontract, Plaintiff was required to absorb all manpower, overtime, and multiple mobilizations to complete the Scope of Work per the operative schedule.

14.     Pursuant to the Subcontract, Plaintiff was required to prepare all design mixes and only use admixtures which complied with the specifications or otherwise approved by the Engineer, Hausmann or project owner.

15.     Pursuant to the Subcontract, Plaintiff was required to fully cooperate with all testing and inspections, promptly address remedies required for non-conforming work, and be responsible for the cost of re-work and re-inspection fees as a result of testing or inspection failures.

16.     Pursuant to the Subcontract, Plaintiff was required to field verify existing conditions for deficiencies, unsatisfactory conditions, unacceptable dimensions or tolerances, and any repairs or corrections required due to unsatisfactory substrate are at the sole expense of Plaintiff.

17.     In or about July 2024, Plaintiff had poured certain cast-in-place concrete on the Project which were subsequently inspected and rejected by the project owner and

the Project architect, Carlson West Povonda Architects, Inc. ("CWP"), as non-compliant and unworkmanlike.

18.     By July 24, 2024, Hausmann had notified Plaintiff of several issues noted in Plaintiff's initial pours on Project. Discussions centered upon what steps needed to be taken going forward to correct the unacceptable work that had been put in place. There were approximately 21 concrete panels identified as deficient at that time.

19.     On or about July 30, 2024, representatives of Plaintiff and Hausmann walked through the Project site and Plaintiff agreed to replace 17 panels as well as noting two additional panels that were questionable. In discussions with the Project owner, the parties agreed that this removal and replacement would occur in the following summer of 2025.

20.     In March 2025, representatives of Plaintiff, the Project owner, and Hausmann conducted another walkthrough in the East portion of the pour and an additional panel was identified as deficient and required removal and replacement.

21.     In a letter dated June 9, 2025 and issued to Plaintiff, CWP indicated that the deficiencies noted in the subject pour included low spots and unevenness, honeycombing, scaling, blistering, discoloration, and shrinkage cracks. Further, CWP indicated that these defects in the subject pour exceeded what was allowable under the Contract Documents and referenced standards and required complete replacement. A true and correct copy of this correspondence is attached hereto as **Exhibit B** and is fully incorporated herein by this reference.

22.     In a letter dated June 30, 2025 and issued to Plaintiff, CWP indicated that, during removal of the previously identified pour sections, more deficiencies were found in the pours. Those deficiencies included many areas of the slab failing to achieve the specified seven-inch thickness, ridges in the subgrade caused by displacement resulting

in thin spots and voids underneath the slab, and additional cracking in valleys/low spots that presented during the removal of adjacent pour panels. Based on these findings, CWP recommended removal and replacement of the entire West portion of the pour. A true and correct copy of this correspondence is attached hereto as **Exhibit C** and is fully incorporated herein by this reference.

23. In addition to the non-conforming parking lot pours, Plaintiff also failed to properly pour and install sidewalks on the Early Learning Center portion of the Project and failed to properly pour and install the south patio on the Early Learning Center.

24. Plaintiff never submitted any change requests relative to the Scope of Work relative to schedule, cost, rejected work or rejected subgrade.

25. Eventually, Plaintiff removed and repoured substantial portions of the parking lot, the non-conforming sidewalks and patio areas on the Early Learning Center.

26. Plaintiff's failures in terms of workmanship, performance, and discharge of its contractual obligations caused Hausmann to expend resources, time, and effort that it should not have incurred.

**CLAIMS FOR RELIEF**

27. Hausmann incorporates its allegations set forth in Paragraphs 1 through 26 of its Counterclaims as if fully set forth herein.

28. The Subcontract constitutes a valid and binding contract between Hausmann and Plaintiff.

29. Hausmann has fully performed and otherwise properly exercised all rights and any obligations it currently possesses under the Subcontract.

30. Plaintiff has breached the Subcontract in several respects, including, but not limited to:

      a.      Plaintiff failed to perform the Scope of Work in a workmanlike manner;

      b.      Plaintiff failed to complete the Scope of Work in accordance with the Subcontract;

      b.      Plaintiff failed to complete its work in accordance with applicable specifications and requirements; and

      c.      Plaintiff failed to diligently and properly prosecute the Scope of Work.

31.    As a direct and proximate result of Plaintiff's breaches, Hausmann has been damaged in the form of additional costs, expenses and damages in an amount no less than $27,834.00, to be further proven at trial, and is entitled to setoff, recoupment and recovery of those damages from Plaintiff's remaining Subcontract balance or otherwise.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Hausmann Construction, Inc. respectfully requests that judgment be entered against Plaintiff RJ Tide Construction Company, Inc. on Hausmann's Counterclaims and that Hausmann be awarded damages, pre-judgment and post-judgment interest as allowed by law, costs, reasonable attorney fees, and such other relief as the Court deems just.

Respectfully submitted this 7th day of November, 2025.

                                HAUSMANN CONSTRUCTION, INC.,
                                Defendant

By:    /s/Stanton N. Beeder
        Stanton N. Beeder - #22866
        Elsa Menjivar-Valverde - #28251
        Lawyers for Defendant
        Hausmann Construction, Inc.
        8885 Executive Woods Drive
        Lincoln, Nebraska 68512
        Telephone: (402) 438-3230
        stantonb@hauscorp.com
        elsam@hausmannconstruction.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, using the CM/ECF system, causing notice of such filing to be served upon all parties' counsel of record.

By:    /s/Stanton N. Beeder
        Stanton N. Beeder - #22866
        Lawyer for Defendant